IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD SWAYZE                                                                PLAINTIFF

v.                         CIVIL NO. 04-5211

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ronald Swayze brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on December 27, 2002, alleging an inability to work since December 31, 2000, due to a back disorder, degenerative disc/joint disease, osteoarthritis of the right foot. (Tr. 53-55, 222-224). An administrative hearing was held on November 20, 2003. (Tr. 280-319). Plaintiff was present and represented by counsel.

By written decision dated January 29, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 20). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the

level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of medium work. (Tr. 19-20). The ALJ then found plaintiff was able to perform his past relevant work as a janitor. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After considering additional medical evidence submitted by plaintiff, plaintiff's request for review of the hearing decision was denied on June 18, 2004. (Tr. 4-9). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

AO72A
(Rev. 8/82)

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

3

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities.

In the present case, the medical evidence reveals plaintiff has sought treatment for chronic pain in his neck and back. In April of 2003, plaintiff was examined by Dr. Richard Kyle, a neurologist, who did not recommend surgery but did recommend an examination by an orthopedic surgeon should plaintiff continue to have problems in spite of physical therapy. (Tr. 162 ). Since April of 2003, plaintiff has continued to report experiencing pain in his neck and back. (Tr. 164, 196-197, 210, 212-213, 216-217, 220, 254). Plaintiff's examining physicians have also noted plaintiff walks with a stooped posture and that he has a moderate to marked limitation of cervical extension and lateral movements. (Tr. 210, 213, 255).[1]

The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a full range of medium work, relied on a RFC assessments completed by a non-examining, medical consultants, indicating plaintiff could perform medium work. (Tr. 132-139). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Furthermore, neither of these consultants had the benefit of reviewing the cervical

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 4-9) *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

MRI dated November 6, 2003, indicating plaintiff had a minimal disk protrusion which was paracentral and slightly to the left at C6-7, moderate spondylosis of the anterior vertebral bodies and disk narrowing at C3-4, C4-5 and C5-6. (Tr. 209). Cervical spine x-rays showing multilevel degenerative disc disease taken in January of 2004, were also unavailable to these consultants. Based on the all the medical evidence of record, we find that the ALJ's determination that plaintiff can perform a full range of medium work is not supported by substantial evidence.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Borian B. Matinchev, Anne Miller and Richard Kyle--asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

On remand the ALJ should also re-evaluate plaintiff's subjective allegations in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), specifically discussing each *Polaski* factor in the context of plaintiff's particular case. The ALJ should specifically

AO72A
(Rev. 8/82)

address plaintiff's side effects to prescribed medication including Zanaflex which appears to have caused a syncope episode. (Tr. 259-271).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing and using his extremities.

Finally, on remand, we suggest that the ALJ address plaintiff's allegations of the lack of finances to obtain treatment.

## **Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)